UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

JANE DOE I, et al.,

        Plaintiffs,

  -v-                                        No. 93-CV-878 LTS

RADOVAN KARADZIC,

        Defendant.

-------------------------------------------------------x

ORDER

On October 4, 2000, this Court entered judgment in favor of fourteen Jane Doe plaintiffs and ten John Doe plaintiffs in the amounts specified in that judgment, together with statutory interest as provided by law, 28 U.S.C. § 1961, arising out of plaintiffs' claims of gross human rights violations committed by forces under the command and control of defendant Radovan Karadzic, the once-president of Republika Srpska. (See Judgment (Docket Entry No. 144); Amended Complaint (Docket Entry No. 113).)[1]

Now before the Court is plaintiffs' motion (Docket Entry No. 162) to renew the October 4, 2000, Judgment, pursuant to Federal Rule of Civil Procedure 69(a) and New York Civil Practice Law and Rules section 5014. The Court has considered carefully plaintiffs' motion and supporting papers, defendant Karadzic's opposition (Docket Entry No. 164), and plaintiffs' reply papers. (Docket Entry No. 167.)

---

[1] An electronic copy of the October 4, 2000, Judgment is available at Docket Entry No. 162-2. An electronic copy of plaintiffs' Amended Complaint is available at Docket Entry No. 167-1.

Defendant's opposition raises only one objection to plaintiff's proposed relief, in conclusory fashion: that, in light of the Supreme Court's decision in Kiobel v. Royal Dutch Petroleum Co., 569 U.S. 108 (2013), which held that the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350, does not apply to violations of the law of nations occurring within the territory of a sovereign other than the United States, the Court lacked jurisdiction to enter the October 4, 2000, Judgment.  However, that Judgment was also grounded on other of plaintiffs' claims, including under the Torture Victim Protection Act, which, "unlike the ATS, 'has extraterritorial application.'"  Chen Gang v. Zhao Zhizhen, 799 F. App'x 16, 18 (2d Cir. 2020) (quoting Chowdhury v. Worldtel Bangladesh Holding, Ltd., 746 F.3d 42, 51 (2d Cir. 2014)).  The Court therefore finds no grounds for relief from the Judgment on this basis, and defendant's objection is overruled.

The Court further concludes that plaintiffs have "established a prima facie claim for renewal of the Judgment," Edrich v. Festinger, No. 12-CV-4069 (MKB), 2017 WL 3575238, at *11 (E.D.N.Y. Aug. 17, 2017), and defendant has failed to rebut that showing.  The Court therefore grants plaintiffs' motion to renew the October 4, 2000, Judgment.

The Clerk of Court is respectfully directed to (1) reopen this case, (2) reenter judgment in favor of plaintiffs in the amounts set forth in the Court's October 4, 2000, Judgment, with statutory interest from October 4, 2000, pursuant to 28 U.S.C.§ 1961,[2] which judgment shall supersede, and thereby renew and extend, the Court's prior judgment, (3) mail a copy of

---

[2]  Plaintiffs submit, and defendant does not contest, that no payments have been made against the Judgment.  (Docket Entry No. 162-1 at para. 13.)

this Order, together with the renewed judgment, to Radovan Karadzic, United Nations Detention Unit, Pompstationsweg 32, 2597JW The Hague, The Netherlands, and (4) close this case.

This Order resolves Docket Entries 162 and 163.

SO ORDERED.

Dated: New York, New York
October 2, 2020

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge